**IN RE: Danny L. DARBY,
Alleged Debtor.**

**Case No. 14–13360–RGM**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Signed April 17, 2015

---

**38.** ECF No. 1, Ex. F.

David William Gaffey, Whiteford Taylor & Preston, LLP, Falls Church, VA, Michael E. Hastings, Whiteford Taylor & Preston LLP, Roanoke, VA, for Alleged Debtor.

## ORDER

Robert G. Mayer, United States Bankruptcy Judge

This case is before the court on the Affidavit of Attorneys' Fees and Costs [Docket Entry 40], Farm Credit's Objection to Danny Darby's Claim for Allowance of Attorneys' Fees [Docket Entry 42] and the Response of Danny L. Darby to Farm Credit's Objection to Allowance of Attorneys' Fees [Docket Entry 43].

This case was commenced by Farm Credit of the Virginias, ACA, as an involuntary petition signed only by itself. Mr. Darby moved to dismiss the case because he had 12 or more creditors, to deny Farm Credit the right to solicit additional creditors and for an award of his attorneys' fees and costs.[1] Mr. Darby attached a list of 28 creditors to his motion to dismiss. Farm Credit seemed to acknowledge that there were more than 11 creditors in its Response which was filed 26 days later. It stated:

> Mr. Darby has filed a List of 28 Creditors, some of them being Insiders, and some of them of relatively trivial amounts. However, even after eliminating Insider Creditors and "De Minimis" Creditors, it would appear Danny Darby may have had more than 11 qualifying creditors on September 11, 2014 [the date the petition was filed].

Response at 3. Nonetheless, the case proceeded to trial, in large part because Farm Credit sought to solicit two additional creditors. It should be noted that even if Farm Credit had been successful in soliciting two additional creditors, Mr. Darby asserted other grounds that could have resulted in dismissal of the petition. Ultimately, the petition was dismissed because there were 12 or more creditors and only one petitioning creditor. Farm Credit was denied the right to solicit additional creditors.

The court awarded Mr. Darby his attorneys' fees and costs in the order dismiss-

---

1. Mr. Darby sought dismissal on other grounds as well.

ing the case, directed that a statement of fees be filed and permitted Farm Credit to file an objection to the fee statement. The court stated that it would decide the amount of fees on the papers unless one of the parties requested an oral hearing. Neither party requested an oral hearing. Mr. Darby's attorneys filed their statement for attorneys' fees and requested fees of $118,947.00 and costs of $1,241.81. Farm Credit asserted that the fees were unreasonable and unnecessary. It also asserted that any fees awarded should be applied as an offset to its judgment which is in excess of $3 million. The court reviewed the Affidavit of Attorneys' Fees and Costs, the time records attached to it and the papers filed in this case. It reviewed Farm Credit's objection and Mr. Darby's reply.

■ The Affidavit breaks the attorneys' fees into four tasks: General Discovery ($4,596.00); Motion to Compel ($4,231.00); General Case Administration ($18,138.00); and Motion to Dismiss ($92,000.00). All fees requested were necessary and reasonable.

The General Discovery and Motion to Compel categories related to relevant discovery propounded by both Mr. Darby and Farm Credit. Discovery was appropriate and the time expended in conducting it was reasonable.

The General Case Administration category was also appropriate. Counsel advised Mr. Darby on bankruptcy matters in addition to the motion to dismiss. When an involuntary petition is filed against an individual, it is appropriate and prudent for counsel to investigate various matters, for example, assets and liabilities, the impact of avoidance litigation and consideration of exemptions. An alleged debtor should make an informed decision to contest the petition or consent to it. Even after a decision to oppose a petition is made and a motion to dismiss is filed, counsel will still need to attend to bankruptcy matters other than the motion to dismiss. The time expended in this category was reasonable and the matters undertaken were appropriate.

The motion to dismiss was, by far, the largest portion of the requested fee. Farm Credit's difficulty is that it knew when the motion was filed that Mr. Darby asserted that there were 28 creditors. It appeared to concede that it needed at least two additional creditors to sustain the petition. Nonetheless, it proceeded with the case. The time expended in preparing the motion, preparing for the hearing and the hearing itself was reasonable and was necessary. While Mr. Darby was unsuccessful in obtaining damages, he was the prevailing party and obtained the principal relief he requested—dismissal without leave to solicit additional creditors.

■ Farm Credit argues that any award should be setoff against its judgment. Both parties cite cases in support of and against this proposition. The better line does not allow setoff. If a setoff were allowed, the award of attorney's fees and costs would be of limited utility and diminish the risk to creditors who file inappropriate petitions, especially creditors who file as the sole petitioner. In most cases, and certainly in this case, any allowed fees would simply reduce a judgment or claim, an action that may not be viewed as significant in those cases where the creditor views the judgment or claim as of questionable or reduced value or collectability. It would discourage counsel from representing alleged debtors by effectively reducing one of the potential sources of payment. The court is not ruling that a setoff cannot be ordered and would not be appropriate in particular circumstances. That question is not addressed. It is clear, however, that this is

not such a case. There is nothing in this case that suggests circumstances making a setoff appropriate, particularly since a full list of creditors was attached to the motion to dismiss. At that point, Farm Credit had sufficient information to verify Mr. Darby's assertion in a prompt and efficient matter—perhaps by a request for production of documents. Instead, it proceeded. It did so at its own peril to being ordered to pay Mr. Darby's attorneys' fees, a request that was clear and explicit in the motion itself.

The requested amounts will be awarded and the setoff denied.

### ORDER

Mr. Darby's attorneys are awarded $118,947.00 in fees and $1,241.81 in costs which Farm Credit of the Virginias, ACA, shall pay within 21 days after entry of this order.